**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

    **v.**                  **Case No. 05-30003-001**

**CLIFFORD B. MARSTON**                                        **DEFENDANT**

**O R D E R**

Now on this 4th day of January, 2007, comes on for consideration **Defendant, Clifford B. Marston's, Motion For Bond Pending Appeal Pursuant To 18 U.S.C. §3143(b)** (document #55).

    1.    Marston was convicted by a jury of 9 counts of attempting to evade or defeat tax in violation of **26 U.S.C. §7201;** 12 counts of fraud and false statements on income tax returns in violation of **26 U.S.C. §7206(1);** and 4 counts of willfully assisting in and procuring, counseling, and advising in the preparation and presentation of fraudulent or false income tax returns in violation of **26 U.S.C. §7206(2).** He was sentenced to 26 months' imprisonment on each count, to run concurrently. A Notice Of Appeal was filed on December 20, 2006.

    2.    Marston now asks the Court to allow him to post bond and remain free pending appeal, pursuant to **18 U.S.C. §3143(b).** That statute provides for detention of a sentenced prisoner who has filed a notice of appeal, unless the Court

finds:

> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released... and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

There is no reason to believe that Marston is likely to flee or pose a danger, and the Court thus turns directly to subsection (B) of the statute to resolve the pending motion.

    3.   In the Eighth Circuit, a question is "substantial" for purposes of **§3143(b)** analysis if it is a "'close' question or one that very well could be decided the other way." **U.S. v. Powell**, 761 F.2d 1227 (8th Cir. 1985).

The issue upon which Marston relies in support of the pending motion is his contention that the documents he submitted to the IRS were not "accepted or processed as returns," and therefore he cannot legitimately have been convicted of the charges against him:

> There were no "returns" filed by Defendant Marston or by any third parties which Marston aided or assisted.  The charges in the indictment could not be proven because the documents its allegations relied on were not returns as a matter of law.

Document #55, page 7.

AO72A
(Rev. 8/82)

The Court considered this argument at sentencing (when it was raised for the first time), and for the reasons expressed at that time -- and the additional reasons stated herein -- does not find the issue to be a "close" one, or one that "very well could be decided the other way."

4.   Marston's argument rests primarily on **U.S. v. Grabinski**, **727 F.2d 681 (8th Cir. 1984)**. Grabinski filed two documents purporting to be tax returns, which contained insufficient information from which any calculations regarding tax liability could be made.  The Eighth Circuit held that these forms were not tax returns, as a matter of law, for purposes of **26 U.S.C. §7203**:

> What is important in the determination of the
> validity of a tax return for section 7203 purposes
> is whether there is sufficient information given
> from which the IRS can calculate tax liability based
> on the circumstances of the taxpayer's income year.
> The IRS should not have to accept on faith the
> taxpayer's assertions regarding taxable income or
> tax liability without knowledge of circumstances
> regarding, among other things, gross income received
> or deductions claimed.

**727 F.2d at 686** (internal citations omitted).

**Grabinski** is distinguishable on several accounts.  First, the issue there was whether a document was a tax return for purposes of **§7203** (criminalizing the failure to pay tax, make a return, keep records, or supply information), whereas in the case at bar the offenses are charged under **§7201** (criminalizing any attempt to evade or defeat tax) and **§7206**

(criminalizing the making or assisting in making false statements in "any return, statement, or other document").

Moreover, unlike the documents filed by Grabinski, some of the documents filed by Marston were joint tax returns containing apparently accurate information about his wife's income and deductions. Thus, they were documents from which tax liabilities, although erroneous, could be calculated.

In addition to being distinguishable from this case, the Court also finds the argument based on **Grabinski** to be tangential to the real issue. It was not necessary to Marston's conviction for tax evasion that the government prove he filed "tax returns." The Indictment charged him with filing particular tax forms identified by their numbers (i.e., Form 1040 EZ, Form 941) as well as by their descriptions ("an individual income tax return", an Employer's Quarterly Federal Tax Return"). Regardless of whether those tax forms constituted "tax returns" as a matter of law, they clearly constituted the particular tax forms identified in the Indictment, and they were "documents" in the terminology of **§7206**. The Court, therefore, concludes that Marston's appeal does not present a substantial question.

5.   The Court also believes that the defense contention here under consideration is unlikely to result in a reversal of Marston's conviction or the order of a new trial.

First, there is no explanation offered as to why Marston

failed to raise the "not a tax return" issue until after his conviction.  **Grabinski** is more than twenty years old and there is no suggestion that Marston's attorney was unaware of it at the time of trial.  To the contrary, Marston's counsel -- self-admittedly quite experienced in litigation involving tax matters -- acknowledged that he was aware of the case before trial.  Moreover, the Court's recollection is that Marston's testimony was to the effect that he knew he was supposed to file returns and did not want to risk being charged for not doing so; that he had had tax preparers help him with such filings; and that -- through study and self-education -- he had determined what he should (and should not) report as income.  There was also testimony that one tax preparer eventually refused to prepare the returns in the manner Marston desired because of the preparer's belief that to do so would be fraudulent and illegal.  The Court does not recall Marston testifying that he was protesting the paying of taxes.  His position was that he simply did not owe taxes due to his understanding of the tax code. Accordingly, the "not a tax return" argument now being advanced is wholly inconsistent with the position taken by Marston during the guilt phase of the trial.  It thus appears to the Court that Marston has knowingly and intentionally -- perhaps for tactical reasons -- waived any contention that the documents he filed or caused to be filed were not tax returns but, rather, were merely his

method of tax protest.

A matter not timely raised may, in some circumstances, nevertheless be reviewed for plain error. Plain error exists "where there is (1) error, (2) that is plain, that (3) 'affects substantial rights,' and that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings'." **U.S. v. Mooney, 425 F.3d 1093, 1104 (8th Cir. 2005).**

On this issue, the Court perceives no error. For whatever reason, Marston chose not to raise the "not a tax return" contention, and thus it was hardly possible for the Court to have made a ruling -- erroneous or otherwise -- on the issue. Even if Marston's **Grabinski** argument had merit, he would still not be entitled to relief. The Supreme Court has fleshed out the "error" aspect of "plain error" review in the case of **U.S. v. Olano, 507 U.S. 725 (1993),** where they said that "[d]eviation from a legal rule is 'error' unless the rule has been waived. . . . Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right'."

As already noted, the Court believes that Marston knowingly and intelligently waived the "not a tax return" argument during the guilt phase of the trial. That being the case, the "plain error" rule would not entitle Marston to

relief on appellate review based on this contention and, thus, his motion fails the "likely to result in reversal" test of **§3143(b).**

**IT IS THEREFORE ORDERED** that **Defendant, Clifford B. Marston's, Motion For Bond Pending Appeal Pursuant To 18 U.S.C. §3143(b)** (document #55) is **denied.**

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                     **JIMM LARRY HENDREN**
                                     **UNITED STATES DISTRICT JUDGE**